```
IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF OKLAHOMA

PERRY A. KEYS,                  )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-15-265-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Perry A. Keys (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the

Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was fifty-six years old at the time of the ALJ's decision. Claimant completed the tenth grade. Claimant has worked in the past as a carpenter. Claimant alleges an inability to work beginning April 11, 2012, due to hearing loss.

### Procedural History

On October 23, 2012, Claimant protectively filed for

disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. The ALJ, Edmund C. Werre, conducted an administrative hearing, and the ALJ ultimately issued an unfavorable decision on January 17, 2014. On June 12, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform work at all exertional levels with certain non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to explain why he did not adopt the restrictions found by Claimant's physicians; and (2) failing to pose appropriate hypothetical questions to the vocational expert ("VE") that included the totality of Claimant's limitations.

**RFC and Hypothetical Questioning of the Vocational Expert**

4

In his decision, the ALJ determined Claimant suffered from the severe impairments of "right ear deafness and decreased left hearing, status post hearing aid." (Tr. 18). The ALJ concluded that the Claimant retained the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can have no exposure to hazards such as unprotected heights, being around dangerous moving machinery, or operation of motorized vehicles." (Tr. 21).

Dr. Kenneth Wainner and Dr. Charles Clayton both reviewed the Claimant's record, and they both offered opinions in this case. Dr. Wainner concluded that the Claimant must "[a]void all exposure [to noise]," and he also concluded that the Claimant must "[a]void all exposure [to hazards]." (Tr. 91-92). Like Dr. Wainner, Dr. Clayton concluded that the Claimant must "[a]void all exposure [to noise and hazards]." (Tr. 104-05).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96–8p. The ALJ must also discuss the individual's ability to perform sustained work

5

activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id.

Additionally, the ALJ is "to provide specific, legitimate reasons for rejecting [a medical opinion]. . . ." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). Here, both doctors concluded the Claimant must "[a]void all exposure [to noise and hazards]." (Tr. 91-92, 104-05). The ALJ failed to adequately appraise the functional limitations found by these physicians because he omitted the doctors conclusions from his RFC that the Claimant is to avoid noise exposure and offered no reasoning for the omission. On remand, if the ALJ gives the medical opinions "great weight," he must adopt the restrictions in the medical opinions or offer reasoning for rejecting the opinions.

Claimant also contends the ALJ did not include the same functional limitations in the hypothetical questioning of the vocational expert, stating "the ALJ's hypothetical questions to the VE at the administrative hearing failed to include any restriction addressing the[] doctors' opinions that Mr. Keys should avoid all

6

exposure to noise." [Doc. No. 17 at 7-8]. As stated, the stat agency physicians concluded "the claimant should avoid all exposure to noise . . . ." (Tr. 24). The ALJ acknowledged the doctors' findings and accorded "great weight" to their opinions. (Tr. 24). However, the hypothetical questions that he posed to the VE omit the doctors' conclusions that the Claimant has to avoid all exposure to noise and hazards. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489.

Should the limitations on hearing impairment be included in the RFC, the hypothetical questions posed to the vocational expert should be modified to incorporate the restrictions. On remand, the

7

ALJ shall reformulate his questions to mirror his RFC findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence, and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 1st day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

8